## ATTACHMENT AGAINST NON-RESIDENT CORPORATIONS.

Circuit Court of Hamilton County.

### E. A. ROSENHAM CO. v. COHEN & MACK.

Decided, March 19, 1910.

*Attachment—Averments of Affidavit—Non-Resident and Foreign Corporations Distinguished—Amendment of Return of Summons—Service upon Agent—Sections* 10238, 10244, 10253, 10262 *and* 11276, *General Code.*

1. An affidavit in attachment which alleges that the defendant corporation is a non-resident of the county is not defective because of omission to aver non-compliance with the statutory requirement as to the filing by foreign corporations of a statement with the Secretary of State.

2. Where there are debts owing to the defendant corporation in the county, service may be had on a secretary or agent, if no other chief officer can be found in the county; and where the attachment

and service of summons were issued together and returned in the same way by the constable, the two returns may be read and construed together as showing a lawful service of summons.

*Burch & Johnson,* for plaintiff in error.
*Cohen & Mack,* contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

The ground stated in the affidavit for attachment was the statutory ground (Section 10253, General Code; 6489, R. S.) that the defendant corporation was a non-resident of the county of Hamilton, Ohio, and not that it was a foreign corporation. A corporation may have a place of business in one county and thereby become a resident of such county but a non-resident of the other counties within the meaning of Section 10253. The affidavit was not therefore defective because it contained no statement that the defendant corporation had not complied with Sections 183 *et seq.,* General Code (148c and *d*, R. S.). *Champion Machine Co.* v. *Huston et al,* 24 O. S., 503.

A careful reading of the affidavit shows but one statement made *on belief,* to-wit, "that he believes said plaintiff ought to recover thereon the amount of three hundred dollars," which is substantially the language of the statute. The action of the justice in striking from the files the motion to discharge the attachment was irregular, but equivalent to overruling the same. There was no error in directing the constable to amend his return to summons and order of attachment to conform to the facts, especially as the rights of no third party had intervened.

The alleged error chiefly relied upon consists in overruling the motion to quash and set aside the service of summons.

The amended return on summons is as follows:

"Received this writ June 8, 1908, and June 8, 1908, served the same on defendant by leaving a certified copy thereof, and of the endorsements thereon, with Morris L. Bettman, personally, as managing agent and secretary of E. A. Rosenham Company, a corporation under the laws of New York, defendant."

The return on the order of attachment which was issued at the same time as the summons is as follows, and is endorsed on the same sheet of paper with the return of summons:

"Same day served Morris L. Bettman personally, as secretary and managing agent of E. A. Rosenham Company, no chief officer of defendant corporation being found in Hamilton county, Ohio."

To make service of summons good under Section 10244, General Code (6480, R. S.), it should affirmatively appear in the return that the managing agent is such agent *in this state,* and under Section 10238 (6477, R. S.), it should affirmatively appear that no chief officer could be found in the county before service could be had on a secretary or managing agent of the corporation.

There were debts owing to the defendant corporation in this county, hence the action was rightly brought under Section 11276, General Code (5027, R. S.), and service could be had on the secretary and managing agent if no chief officer be found in the county. While the return on the order of attachment shows that no chief officer of the defendant corporation could be found, the return on the summons does not, but where the order of attachment is made to accompany the summons we think the presumption is that the same reason which required the order of attachment to be served on the secretary and managing agent, existed and operated in the service of summons.

Section 10262, General Code (6496, R. S.), provides as follows:

"If the order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant in the usual manner for the service of a summons, if the same can be done within the county."

In pursuance of this provision the order of attachment and summons were issued together and returned in the same way by the constable, who evidently intended to make the same return on each; but failing to do so we think the two returns should be read and construed together as showing a lawful service of summons.

The judgment will be affirmed.